ALFRED M. AVEDISIAN AND ALICE B. AVEDISIAN, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Avedisian v. Commissioner
Docket Nos. 2050-85, 3630-85.
United States Tax Court
T.C. Memo 1987-176; 1987 Tax Ct. Memo LEXIS 175; 53 T.C.M. (CCH) 503; T.C.M. (RIA) 87176; March 31, 1987. *175 Ps purchased certain ranch property in 1979 from S. Ps and S reported on their respective tax returns inconsistent allocations of the purchase price among depreciable and nondepreciable components of the property. R issued notices of deficiency to both Ps and S, taking inconsistent positions by adjusting the allocation claimed by each. The notices of deficiency issued to Ps adopted the allocation as reported by S. Ps filed a Motion to Compel the Production of Documents seeking income tax returns and tax return information of S. Held, Ps' Motion to Compel is denied since the information sought is not relevant to a determination of Ps' Federal income tax liability. Held further, that despite the fact that R has taken inconsistent positions, Ps have the burden of proof. This burden may be satisfied by Ps' establishing the validity of their position on the merits, not upon the return information of S or R's treatment of S's income tax return. Howard M. Becker, for the petitioners. Douglas K. Chang and Will E. McLeod, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: Petitioners' Motion to Compel, filed September 2, 1986, was assigned for hearing, consideration, *176 and ruling, thereon. [1] Respondent issued notices of deficiency to petitioners as follows: Date of Notice
Year
Deficiency
Date Petition Filed [2]
Docket No.
Oct. 29, 1984
1979
$10,367 Jan. 28, 1985
2050-85
1980
$9,072
Nov. 20, 1984
1981
$8,883
Feb. 19, 1985
3630-85
In 1979, petitioners purchased certain ranch property, consisting of land, orange and avocado trees, a house, and outbuildings. The total purchase price, including closing costs, was $613,000. This amount was allocated by petitioners among the various components of the ranch property for the purposes of depreciation and investment tax credit. Respondent determined that petitioners' allocation was incorrect and reallocated the purchase price as follows: Allocation Shown on
Allocation determined
Petitioners' Return
by Respondent
Land
$303,000
$521,270
Trees [3] *177 225,000
7,113
House
60,000
60,000
Outbuildings
25,000
25,000
TOTAL [4]
$613,000
$613,383
Apparently, petitioners and the sellers of the ranch property each allocated the purchase price of the ranch differently on their respective 1979 Federal income tax returns. Petitioners allocated a greater amount of the purchase price to the orange and avocado trees and a corresponding lesser amount to the land, than did the sellers. [5] *178 Respondent, upon examination of petitioners' and the sellers' returns, found inconsistent reporting of the allocation. Accordingly, respondent, taking inconsistent positions, adjusted the allocation claimed by each party and issued notices of deficiencies to petitioners and the sellers. During negotiations with respondent, petitioners learned that respondent had utilized the sellers' reporting of the transaction as a basis for petitioners' deficiency. Petitioners requested information from respondent with respect to the sellers' reporting of the transaction, as well as, respondent's adjustments to the sellers' return. Respondent refused to provide the requested information, so petitioners served discovery on respondent. [6]
Petitioners, in their motion, request the Court to compel respondent to produce any and all documents regarding the allocation by the sellers of the purchase price of the ranch property, including but not limited to: (1) the sellers' 1979 Federal income tax return; (2) the notice of deficiency issued to the sellers determining a deficiency in their 1979 Federal income tax; (3) any revenue agent reports concerning the sellers' 1979 income tax liability; (4) any proposed settlement agreements regarding the sellers' 1979 income tax *179 liability; (5) any final settlement agreements between the sellers and respondent, regarding the sellers' 1979 income tax liability [7]; and, (6) any evidence used by respondent to support the position that the sellers' allocation of the purchase price among the various ranch assets was incorrect, including but not limited to appraisal reports. [8]
The purpose of discovery is to reduce surprise by providing a means by which the parties can obtain knowledge of relevant facts in sufficient time to perfect a record for purposes of trial. [9] A party's right to discovery is determined by reference to principles of relevancy and materiality as set forth in Rule 70, which is derived generally from the Federal Rules of Civil Procedure. Davis v. Commissioner,69 T.C. 716, 720 (1978). Rule 70(b) limits discovery to information or responses which are relevant to the subject matter of the pending litigation and which are not privileged. Generally, *180 the standard of relevancy in a discovery action is liberal. Zaentz v. Commissioner,73 T.C. 469, 471-472 (1979). However, when the evidence sought to be discovered consists of confidential information relating to parties who are not interested in the litigation, the Court should be especially careful to require a showing of relevancy. See United States v. Harrington,388 F.2d 520 (2d Cir. 1968). In order to determine the relevancy of the requested material we must look to the nature of the adjustment in question. The crucial substantive issue to be decided in this case is whether respondent's determination regarding the allocation of the basis of the property among the various component elements is erroneous. Where a lump sum is paid for a combination of depreciable and nondepreciable property, the basis of the depreciable property must bear the same proportion to the lump sum purchase price as the value of the depreciable property bears to the value of the entire property at the time of acquisition. Section 1.167(a)-5, Income Tax Regs. The threshold question, therefore, is the ratio of *181 the fair market value of the trees to the fair market value of the property as a whole at the time of acquisition. See Kimmelman v. Commissioner,72 T.C. 294, 313 (1979); Randolph Building Corp. v. Commissioner,67 T.C. 804 (1977). Petitioners have the burden of proving fair market value. Welch v. Helvering,290 U.S. 111 (1933); Rule 142. Fair market value is a question of fact. Kaplan v. Commissioner,43 T.C. 663, 665 (1965). There are several methods of determining fair market value. See, e.g., Smith v. Commissioner,51 T.C. 429, 441 (1968) (cost basis of improvements determined by use of expert testimony, ratio between local tax appraisal values of the land and improvements, and other evidence); Creston Corp. v. Commissioner,40 T.C. 932, 939-940 (1963) (use of county tax appraisal to determine ratio of value between land and improvements); Meeker v. Commissioner,T.C. Memo. 1981-215 (use of comparable sales method by respondent; use of replacement value method by petitioner); Graybeal v. Commissioner,T.C. Memo. 1979-506 (income method of determining value is proper; combination of income and replacement methods may be appropriate in certain circumstances); Rudolph Investment Corp. v. Commissioner,T.C. Memo. 1972-129 *182 (proper allocation of basis between depreciable and nondepreciable assets determined through expert testimony and appraisal report). These methods are not exclusive. But, regardless of the method used to determine fair market value, all facts and circumstances influencing fair market value should be considered. [10] See Kimmelman v. Commissioner,supra;Kaplan v. Commissioner,supra.
However, petitioners argue that because respondent is taking inconsistent positions regarding the same property, the sellers' tax return information is relevant to their case. In a "whipsaw" situation such as this, the Commissioner, in order to protect the revenue, may take inconsistent positions, determining deficiencies against both taxpayers. Major v. Commissioner,76 T.C. 239, 245 (1981); *183 Hamlin Trust v. Commissioner,19 T.C. 718, 723 (1953). Petitioners argue that because the sellers sold them the property, the allocations should be the same for both the sellers and petitioners. Thus, petitioners contend that the sellers' return information is relevant to prove the fair market value of the various components of the ranch property. We disagree. The fact that respondent has taken inconsistent positions does not alter petitioners' burden of proof. See Hoeme v. Commissioner,63 T.C. 18, 20 (1974). Generally, a taxpayer cannot avoid liability for a tax by showing that others have been treated generously, leniently or erroneously by respondent. See IBM Corp. v. United States,343 F.2d 914, 919 (Ct. Cl. 1965), cert. denied 382 U.S. 1028 (1966). Rather, each individual must rest on the validity of his own position under the applicable taxing provisions, independently of others. See IBM Corp. v. United States,supra.It has long been the position of this Court that our responsibility is to apply the law to the facts of the case before us and determine the tax liability of the parties before us. Davis v. United States,65 T.C. 1014, 1022 (1976); Teichgraeber v. Commissioner,64 T.C. 453, 456 (1975). *184 A trial before the Tax Court is a proceeding de novo; our determination as to petitioners' tax liability must be based on the merits of each case and not on any previous record developed at the administrative level. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 328 (1974); O'Dwyer v. Commissioner,28 T.C. 698 (1957), affd. 266 F.2d 575 (4th Cir. 1959), cert. denied 361 U.S. 862 (1959). As such, this Court will generally not look behind a notice of deficiency to examine the evidence used by respondent in making his determination. Riland v. Commissioner,79 T.C. 185, 201 (1982); Jackson v. Commissioner,73 T.C. 394, 400 (1979); Greenberg's Express, Inc. v. Commissioner,supra at 327. Accordingly, since petitioners must establish the validity of their position based on the merits of their case and not on the basis of sellers' tax return information, we find that the information concerning the sellers' tax liability requested by petitioners, is not relevant. [11] *185 Since we have found that the sellers' tax returns and tax return information are not relevant, we need not reach the question of whether this information is subject to disclosure under section 6103(h)(4). For the reasons stated herein, petitioners' Motion to Compel is denied. An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. At the time of filing both petitions, petitioners resided at Camarillo, California.↩
3. Petitioners claimed straight line depreciation based on the $225,000 of basis they allocated to the orange and avocado trees. Respondent determined that the basis of the trees was $7,113, and disallowed the excess depreciation for the years in issue. 4. There is no explanation in the record as to why respondent's determination differs by $383 from the total allocation by petitioners. This discrepancy is not material or relevant to our inquiry herein.↩
5. The sellers' 1979 Federal income tax return has not been made part of this record. However, respondent advised that the sellers allocated $7,113 to the orange and avocado trees.
6. There does not appear to be an issue of compliance by petitioners with informal requests for information. Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974); Rule 70(a)(1)↩.
7. Respondent informed the Court that no final settlement had been reached regarding the sellers' tax liability. ↩
8. At a hearing held on this motion, respondent informed the Court that a copy of the sellers' appraisal report had been obtained and sent to petitioners.↩
9. Goldstein v. Commissioner,T.C. Memo. 1986-599; Keating v. Commissioner,T.C. Memo. 1985-312↩.
10. For example, in Meeker v. Commissioner,T.C. Memo. 1981-215↩, the taxpayer's expert witness appropriately used the replacement cost method of valuing the improvements. However, we held that the expert's valuation did not reflect the true fair market value of the improvements because the expert had failed to consider actual physical deterioration of the improvements, some of which were old and only in fair condition when purchased by the taxpayer.
11. Since the sellers' appraisal report has been provided to petitioners, we need not decide the relevancy of this item.