133 T.C. No. 6

UNITED STATES TAX COURT

3K INVESTMENT PARTNERS, 3K INVESTMENTS LLC, TAX MATTERS PARTNER,
Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3891-06.                    Filed September 3, 2009.


        In this partnership-level proceeding involving a so-
called Son-of-BOSS transaction, P has moved to compel R to
produce redacted copies of all tax opinions collected by R
that have been issued regarding Son-of-BOSS transactions, as
well as a list of the names and addresses of all law firms
and accounting firms known to R to have issued tax opinion
letters regarding Son-of-BOSS transactions.

        <u>Held</u>:  Because the materials that P seeks to discover
are not relevant and do not appear reasonably calculated to
lead to discovery of admissible evidence, and because the
materials are nondisclosable "return information" as defined
under sec. 6103(b)(2), I.R.C., P's motions to compel
production will be denied.

Albert L. Grasso and David B. Shiner, for petitioner.

R. Scott Shieldes, for respondent.


OPINION


THORNTON, Judge:  This case is before us on petitioner's motions to compel production of documents pursuant to Rules 72 and 104.[1]  For the reasons described below, we shall deny petitioner's motions.

## Background

This partnership-level proceeding involves respondent's determination that 3K Investment Partners (the partnership) was formed and availed of to engage in a so-called Son-of-BOSS transaction.[2]  Respondent alleges that James Menighan (Mr. Menighan) purchased a prepackaged tax shelter from the law firm Jenkens & Gilchrist, P.C. (Jenkens & Gilchrist), whereby through his limited liability company 3K Investments, LLC, he acquired and contributed offsetting digital options on foreign currency to

---

[1]Unless otherwise indicated, all Rule references are to Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code, as amended.

[2]BOSS is an acronym for "Bond and Option Sales Strategy", which the Commissioner regards as an abusive tax shelter.  See Notice 2000-44, 2000-2 C.B. 255, 256; see also Kligfeld Holdings v. Commissioner, 128 T.C. 192, 194 (2007).

the partnership.[3]  Respondent alleges that the transaction was designed to inflate artificially Mr. Menighan's basis in the partnership.  See <u>Klamath Strategic Inv. Fund v. United States</u>, 568 F.3d 537 (5th Cir. 2009); <u>Cemco Investors, LLC v. United States</u>, 515 F.3d 749 (7th Cir. 2008); <u>Stobie Creek Invs., LLC v. United States</u>, 82 Fed. Cl. 636 (2008); <u>Jade Trading, LLC v. United States</u>, 80 Fed. Cl. 11 (2007); see also <u>Kligfeld Holdings v. Commissioner</u>, 128 T.C. 192 (2007).

In a notice of final partnership administrative adjustment with respect to the partnership's tax year ended December 13, 2000, respondent adjusted the items reported on the partnership's return.  Respondent also determined that pursuant to section 6662(a), accuracy-related penalties apply to all underpayments of tax attributable to adjustments of the partnership items.[4]

---

[3]Seemingly implicit in respondent's allegation that Mr. Menighan purchased a prepackaged tax shelter is the assertion that Jenkens & Gilchrist was the promoter of the shelter, a question properly at issue in this partnership-level proceeding. See <u>Tigers Eye Trading, LLC v. Commissioner</u>, T.C. Memo. 2009-121. In disposing of the motion before us, we need not and do not address any issue as to whether petitioner would be entitled to assert reasonable reliance on the Jenkens & Gilchrist opinions as a defense to the imposition of the penalties.

[4]Respondent determined that the accuracy-related penalty should be imposed on these components of underpayments:  A 40-percent penalty on the portion of any underpayment attributable to any gross valuation misstatement as provided by sec. 6662(a), (b)(3), (e), and (h); a 20-percent penalty on the portion of any underpayment attributable to negligence or disregard of rules and regulations as provided by sec. 6662(a), (b)(1), and (c); a 20-percent penalty on any underpayment attributable to substantial
(continued...)

Petitioner timely petitioned the Tax Court.  Pursuant to Rule 72, petitioner served on respondent a request (the first request) to produce redacted copies of all tax opinions collected by respondent that have been issued regarding Son-of-BOSS transactions (the opinion letters).  In response to the first request, respondent produced no documents but noted that he previously had provided petitioner copies of two opinion letters that Jenkens & Gilchrist had issued to Mr. Menighan.  Respondent objected to providing any further response on the grounds that the request was irrelevant, not likely to lead to the discovery of admissible evidence, and unduly burdensome and impermissibly sought confidential third-party return information.

Petitioner served on respondent a request (the second request) to produce a list of the names and addresses of all law firms and accounting firms known to respondent to have issued tax opinion letters regarding Son-of-BOSS transactions (the firm list).  In response, respondent identified Jenkens & Gilchrist as the law firm that issued the two opinion letters to Mr. Menighan but objected to providing any further response on the grounds that the request was irrelevant and not likely to lead to the

_____

[4](...continued)
understatement of income tax as provided by sec. 6662(a), (b)(2), and (d); or a 20-percent penalty on the portion of any underpayment attributable to any substantial valuation misstatement as provided by sec. 6662(a), (b)(3), and (e).

discovery of admissible evidence and impermissibly sought confidential return information of third-party taxpayers.

Petitioner filed a motion (the first motion) to compel production of the documents requested in the first request. After the Court held a hearing on the first motion, petitioner filed a motion (the second motion) to compel production of the documents requested in the second request.

## Discussion

Respondent objects to petitioner's motions to compel production of the opinion letters and the firm list primarily on the ground of relevance and on the ground that they impermissibly seek confidential return information of third-party taxpayers.[5] Respondent, as the party objecting to discovery, has the burden of establishing that his objections to the requests for production should be sustained. Branerton Corp. v. Commissioner, 64 T.C. 191, 193 (1975).

1. Relevance

Rule 70(b)(1), regarding the scope of discovery, provides in part:

---

[5]At the hearing, although not in his written notice of objection, respondent briefly raised an argument that the opinion letters and the methods employed by the Government in collecting the opinion letters constitute nondiscoverable work product. Because we sustain respondent's objections to petitioner's discovery requests on other grounds, we need not and do not address this argument.

> The information or response sought through discovery
> may concern any matter not privileged and which is
> relevant to the subject matter involved in the pending
> case.  It is not ground for objection that the
> information or response sought will be inadmissible at
> the trial, if that information or response appears
> reasonably calculated to lead to discovery of
> admissible evidence, regardless of the burden of proof
> involved. * * *

Although the standard of relevancy in a discovery action is generally liberal, the Court is especially careful to require a showing of relevancy where, as in this case, the discovery seeks confidential information relating to third parties.  Avedisian v. Commissioner, T.C. Memo. 1987-176 (citing United States v. Harrington, 388 F.2d 520 (2d Cir. 1968)).

Petitioner contends that the opinion letters and the firm list are relevant to its defense against respondent's determination of penalties under section 6662.  No penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was reasonable cause and that the taxpayer acted in good faith.  See sec. 6664(c).  Whether a taxpayer acted with good faith depends upon the facts and circumstances of each case.  See sec. 1.6664-4(b)(1), Income Tax Regs.

In this partnership-level proceeding, the applicability of any penalty that relates to an adjustment to a partnership item is determined at the partnership level.  See sec. 6221.  When considering the determination of penalties at the partnership

level, the Court may consider defenses of the partnership, including a reasonable cause defense presented on behalf of the partnership.  See <u>Klamath Strategic Inv. Fund v. United States</u>, <u>supra</u> at 547-548; <u>New Millennium Trading, L.L.C. v. Commissioner</u>, 131 T.C. ___, ___ (2008) (slip op. at 9) ; <u>Whitehouse Hotel Ltd. Pship. v. Commissioner</u>, 131 T.C. ___, ___ (2008) (slip op. at 90).  Respondent does not dispute that petitioner's requested discovery pertains to defenses of the partnership that are properly before the Court.

Petitioner alleges and respondent does not dispute that in connection with many Son-of-BOSS transactions, one or more law firms or accounting firms wrote opinion letters to the investors supporting the claimed tax treatment.  Petitioner alleges, and respondent does not dispute, that respondent has a large number of these tax opinion letters.  Petitioner contends:  "The availability of a large number of law firms and accounting firms issuing tax opinion letters determining that so-called 'Son of Boss' transactions * * * would produce the tax results as reported by Petitioner on its subject tax return would bolster Petitioner's position that it had reasonable cause and that Petitioner acted in good faith."  Similarly, at the hearing petitioner's counsel argued that "based upon the general consensus of national law firms across the country that were issuing tax opinion letters that were taking the same position as

the Petitioner in my case was taking, I wanted to show that reasonable cause does exist to take the position that we took on the tax return."

Petitioner's argument appears to be a variant of the refrain, familiar to parents of teenagers, that "Everyone's doing it." For the same reason that this does not constitute reasonable cause for teenagers, it would not constitute reasonable cause for petitioner. Petitioner must establish the reasonableness of its position on the basis of the facts and merits of its own case.[6] See Avedisian v. Commissioner, supra ("each individual must rest on the validity of his own position under the applicable taxing provisions, independently of others"). The legal analysis, conclusions, and recommendations that some tax advisers may have given other taxpayers are irrelevant to the reasonableness of the positions the partnership took on its return. See P.T. & L. Constr. Co. v. Commissioner, 63 T.C. 404, 414 (1974).

Petitioner suggests that the requested information is relevant to the partnership's defense that it reasonably relied upon the advice of tax advisers. Reliance on the advice of a professional tax adviser may demonstrate reasonable cause and

---

[6]We also reject any suggestion that the requested information, which appears to involve only a small subset of tax advisers, shows any "general consensus" of tax advisers regarding Son-of-BOSS transactions.

good faith if, taking into account all the facts and circumstances, the reliance was reasonable and the taxpayer acted in good faith. Sec. 1.6664-4(b)(1), (c)(1), Income Tax Regs. A defense of reasonable reliance on the advice of a professional tax adviser requires the advice to be "provided to (or for the benefit of) the taxpayer and on which the taxpayer relies, directly or indirectly, with respect to the imposition of the section 6662 accuracy-related penalty." Sec. 1.6664-4(c)(2), Income Tax Regs. Reliance on a tax adviser may be reasonable and in good faith if the taxpayer establishes: (1) The adviser was a competent professional with sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information; and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

Petitioner does not contend that the advice in the undisclosed opinion letters was provided directly to the partnership or for its benefit. Indeed, petitioner's motions to compel production are predicated on an alleged lack of access to these opinion letters and to the identities of their authors. Petitioner seems to suggest, however, that information in the opinion letters and the firm list might lead to the discovery of admissible evidence as to the reasonableness of the partnership's

reliance upon the tax advice contained in opinion letters that Jenkens & Gilchrist provided to Mr. Menighan with respect to the transaction at issue. For the reasons described below, we disagree.

The opinion letters and the firm list have no bearing on any issue as to whether Jenkens & Gilchrist was provided necessary and accurate information. Nor do we believe that the opinion letters and the firm list have any bearing on any issue as to whether the partnership actually relied in good faith on the advice of Jenkens & Gilchrist. If, as petitioner's discovery motions suggest, the partnership, before it filed its return, did not have access to the names of any firms (other than Jenkens & Gilchrist) that issued opinion letters or to the opinion letters which it now seeks, we do not see how the identity of such firms and the contents of their opinion letters could tend to establish that the partnership acted in good faith when it filed its return.

Finally, petitioner's requested discovery of the opinion letters and the firm list does not appear reasonably calculated to lead to the discovery of admissible evidence with respect to any issue as to whether Mr. Menighan's tax advisers at Jenkens & Gilchrist were competent professionals with sufficient expertise to justify reliance. At best, petitioner's discovery requests might be calculated to lead to discovery of evidence that the

advice that Jenkens & Gilchrist provided Mr. Menighan was in some degree similar to advice that other tax advisers had provided other taxpayers with respect to transactions that were in some degree similar. But any relevance of such evidence would be too remote, we believe, to justify discovery of the requested materials, especially considering that they relate directly to confidential information of third parties.[7] For similar reasons, we believe the requested discovery would be unduly burdensome on respondent, taking into account the needs of the case.[8] See Rule 70(b)(2). Moreover, we believe that discovery of evidence of the professional competence of Mr. Menighan's tax advisers at Jenkens & Gilchrist is obtainable from other sources that are more convenient and less burdensome. See id. Accordingly, we shall sustain respondent's relevance objections to petitioner's motions to compel production of documents.

Although these are sufficient grounds to deny petitioner's discovery motions, for the sake of completeness and because the parties have argued the issue at length, we shall also briefly

---

[7]Respondent argues persuasively that simply removing the names of taxpayers and other identifying information would not suffice to remove the confidential nature of the opinion letters.

[8]Respondent's counsel presented to the Court, as a representative example, one of the Jenkens & Gilchrist opinion letters to Mr. Menighan that respondent had previously provided petitioner. The opinion letter is nearly 150 pages. Respondent contends, and we agree, especially in the light of the remote relevance of these materials, that it would be unduly burdensome for respondent to review possibly hundreds of such opinion letters page by page to make redactions.

address respondent's contentions that under section 6103 the opinion letters and the firm list constitute confidential return information which may not be disclosed.

2.  <u>Confidential Return Information Under Section 6103</u>

Section 6103(a) provides that "Returns and return information shall be confidential" and shall not be disclosed "except as authorized by this title".  See <u>Church of Scientology of Cal. v. IRS</u>, 484 U.S. 9, 11-12 (1987).  Section 6103(b)(2)(A) defines "return information" expansively to include, among other things:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, over assessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense * * *

The flush language of section 6103(b)(2) provides that return information "does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer."

The purpose and effect of these provisions is to "protect taxpayers' private financial information contained within the files of the Internal Revenue Service * * * and therefore to encourage the taxpayers' free and open disclosure to the

Service."  Estate of Yaeger v. Commissioner, 92 T.C. 180, 184
(1989).  Return information may not be revealed to a third party
except as specifically authorized under section 6103.  Id.

    We agree with respondent that the opinion letters and the
data requested in the firm list constitute return information
within the meaning of section 6103(b)(2)(A) because they are
"data, received by, * * * or collected by the Secretary with
respect to a return or with respect to the determination of the
existence, or possible existence, of liability (or the amount
thereof) of any person under this title".  Petitioner's
contention that the opinion letters are not protected from
disclosure under section 6103(a) because they are not tax returns
or attachments thereto ignores the plain terms of the statute,
which makes confidential not only "returns" but also "return
information" as defined expansively in section 6103(b)(2).

    Petitioner suggests that if respondent were to redact
taxpayer-specific information from the opinion letters, as
petitioner has requested, they would no longer be protected
"return information".  We disagree.  In Church of Scientology of
Cal. v. IRS, supra, the Supreme Court held that correspondence
and memoranda, among other materials, contained within
investigative files of the Internal Revenue Service (IRS) were
nondisclosable return information, even if redacted of
identifying data.  The Court stated:  "Congress did not intend

the statute to allow the disclosure of otherwise confidential return information merely by the redaction of identifying details." Id. at 16.

Petitioner's reliance on Tax Analysts v. IRS, 117 F.3d 607 (D.C. Cir. 1997), is misplaced. In Tax Analysts, the Court of Appeals held that legal analyses contained in field service advice memoranda (FSAs) prepared by attorneys in IRS's National Office of the Office of Chief Counsel are not "return information" under section 6103. The Court of Appeals reasoned that legal analyses contained in FSAs are not "data" within the meaning of section 6103(b) because such "non-taxpayer-specific information" would have "nothing to do with § 6103's core purpose of protecting taxpayer privacy." Id. at 615. In addition, the Court of Appeals reasoned that section 6103 should be construed in conjunction with section 6110, which requires that written determinations of the Secretary be made public. Id.

By contrast, section 6110 has no applicability to the opinion letters or the firm list. The opinion letters were written by private law firms or accounting firms rather than the Commissioner's Office of Chief Counsel. The opinion letters were collected from investigated taxpayers or parties potentially subject to penalties. Moreover, as previously discussed, both the opinion letters (even if based upon assumed sets of facts as petitioner suggests) and the data requested in the firm list

constitute information specific to other taxpayers that falls within the core purpose of section 6103 of protecting taxpayer privacy.

With little elaboration, petitioner contends that even if the opinion letters are nondisclosable return information under section 6103, we should nevertheless determine that the firm list does not constitute return information.  It is not apparent to us that the firm list presently even exists.  It is clear, however, that the information which petitioner seeks to have respondent provide in the firm list constitutes "data * * * collected by the Secretary" in determining other taxpayers' tax liabilities and is therefore "return information" under section 6103(b)(2).  Cf. Landmark Legal Found. v. IRS, 267 F.3d 1132 (D.C. Cir. 2001) (identities of tax-exempt organizations, identities of third parties requesting investigations of tax exempt organizations, and materials included in the third-party requests were nondisclosable return information); Solargistic Corp. v. United States, 921 F.2d 729 (7th Cir. 1991) (the fact of an IRS audit of a taxpayer was return information).

Petitioner has identified no statutory exception that would permit disclosure of the return information which it seeks to discover.[9]  We conclude and hold that the opinion letters that

---

[9]At the hearing the Court gave the parties the opportunity to brief whether sec. 6103(h)(4), which provides certain exceptions to nondisclosure in the case of judicial and

(continued...)

respondent has not already provided and the firm list are confidential return information under section 6103(a) which respondent may not disclose to petitioner.

In the light of the foregoing,

<u>An order will be issued denying petitioner's motions to compel production of documents</u>.

---

[9](...continued)
administrative proceedings, has any applicability.  Respondent contends it does not.  Petitioner filed a legal memorandum but did not address this issue.  We deem petitioner to have waived or conceded any argument as to the applicability of sec. 6103(h)(4).